**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

SUZHOU ALLPRO CERTIFIED        :
PUBLIC ACCOUNTANTS CO.,        :
LTD., as Bankruptcy            :
Administrator of SURE HEAT     :
MANUFACTURING (SUZHOU)         :
CO. LTD.,                      :
                               :
      Plaintiff,        :
                               :   CIVIL ACTION NO.
v.                             :   1:15-CV-03436-RWS
                               :
SURE HEAT                      :
MANUFACTURING, INC., SHM       :
INTERNATIONAL                  :
CORPORATION, MICHAEL R.        :
MULBERRY, MICHAEL S.           :
MULBERRY, and HARRY            :
CLIFFORD VILLERS,              :
                               :
      Defendants.       :

## <u>ORDER</u>

     This case is before the Court at summary judgment. The Court considers

Plaintiff's Motion for Partial Summary Judgment[1] [188, 189], Sure Heat

_____

    [1] Plaintiff filed both a Motion for Partial Summary Judgment [188] and a
Motion for Partial Summary Judgment Statement of Undisputed Facts [189]. While
both entries are called a "motion" only [188] is before the Court for consideration.
Therefore, throughout this Order, the Court will refer to Plaintiff's motion as [188]
and make references to Plaintiff's statement of material facts [189], as necessary.

Defendants' Motion for Summary Judgement [186], and Defendant Villers'

Motion for Summary Judgment [184]. The Court further considers Sure Heat

Defendants' additional Motions: for Reconsideration [187]; to Strike

Memorandum of Law in Support of Plaintiff's Motion for Partial Summary

Judgment [191]; to Strike Exhibit 66 to Plaintiff's Statement of Additional

Material Facts [215]; to Strike Plaintiff's Response to Defendants' Motions for

Summary Judgment [214]. As well as Defendant Villers' additional Motion to

Strike Memorandum of Law in Support of Plaintiff's Motion for Partial

Summary Judgment [192] and Request for Oral Argument on his Motion for

Summary Judgment [185]. After a review of the record, the Court enters the

following Order.

## Background[2]

This case arises out of an import-export business arrangement between

the parties. The parties have detailed the slew of complicated facts repeatedly

in their various motions and statements of material facts. The Court does not

need to do so again here. Instead, the Court will frame this Order with a brief

---

[2] The following facts are from Plaintiff's Statement of Material Facts [189] and
are undisputed unless otherwise noted.

overview of the case, using undisputed facts from the parties' statements of facts. Any specific facts necessary to the Court's findings will be addressed in the Analysis section of this Order.

The pertinent issues before the court at summary judgment concern the boundaries of the corporate form's limited liability. Defendant Michael R. Mulberry ("Mulberry") is the president and a director of all three corporations involved in this action, Sure Heat Manufacturing, Inc. ("Sure Heat US"), Sure Heat Manufacturing,(Suzhou) Co. Ltd. ("Sure Heat China"), and SHM International Corporation ("SHM"). (Pl.'s Statement of Material Facts ("Pl.'s SMF"), Dkt [189] ¶¶ 3, 10; Sure Heat Defs.' SMF, Dkt. [186-2] ¶ 9.) He is also the majority owner of all three companies as a 100% owner of SHM and 80% owner of Sure Heat US, which is the sole owner of Sure Heat China. (Pl.'s SMF, Dkt [189] ¶¶ 9, 17; Sure Heat Defs.' SMF, Dkt. [186-2] ¶ 8.) After forming Sure Heat US in 1982, Mulberry incorporated Sure Heat China in 2004 as a wholly owned subsidiary to manufacture and sell gas-powered products, including barbecue grills, heaters, and hearth products to retailers. (Pl.'s SMF, Dkt. [189] ¶¶ 3, 8, 26.) Mulberry later incorporated SHM in 2010 to execute a

similar role as Sure Heat US, although the exact business is unclear.[3]  (Pl.'s

Statement of Additional Material Facts ("Pl.'s SAMF"), Dkt [198-1] ¶157.)

The other individual Defendants, Michael Scott Mulberry ("MSM") and

Harry Clifford Villers ("Villers"), similarly hold central roles in Sure Heat US

and Sure Heat China.  MSM is the corporate secretary and vice president of

operations of Sure Heat US. (Pl.'s SMF, Dkt. [189] ¶4.)  Further, the Michael

Scott Mulberry Trust owns 10% of the shares of Sure Heat US.  (Id. ¶ 18.)  He

is also vice president of manufacturing, and oversaw management of Sure Heat

China.  (Id. ¶¶ 4, 12.) Villers is a director of Sure Heat China and was the

general manager from 2004 to 2010.  (Id. ¶¶ 13, 14.)

A bankruptcy proceeding under the Law of the People's Republic of

China on Enterprise Bankruptcy was commenced by its creditors against Sure

Heat China on January 8, 2014.  (Pl.'s SMF, Dkt. [189] ¶136.)  Plaintiff

Suzhou Allpro Certified Public Accountants Co., Ltd. ("Plaintiff" or the

---

[3] The Court notes the disagreement over exactly which role each company played in the business.  Plaintiff claims Sure Heat US and SHM had the same objective, while the Sure Heat Defendants maintain Mulberry's deposition evidences that Sure Heat US was a manufacturing company that manufactured products through its subsidiary, Sure Heat China, while SHM was created to import grills from China, and thus be an import-export company.  The distinctions, however, are not material to this Order.

4

"Administrator") was appointed as "Bankruptcy Administrator" to liquidate the bankruptcy estate. (Id. ¶137.) Plaintiff now seeks to collect on Sure Heat US's debt to Sure Heat China—$5,215,854 in current accounts payable and $15,000,000 in long-term debt, or a total of $20,215,854. (Id. ¶¶ 49, 50.)

In its Third Amended Complaint [136], Plaintiff brings claims for Breach of Contract (Counts I and II); Unjust Enrichment (Count III); Money Had and Received (Count IV); Conversion (Count V); Alter Ego Liability (Counts VI and VII); Fraudulent Inducement (Count VIII); Negligent Misrepresentation (Count IX); Breach of Fiduciary Duty (Count X); and Civil Conspiracy (Count XI), against some or all of the Defendants. Defendants Sure Heat US, Mulberry, and MSM (collectively the "Sure Heat Defendants") now move for summary judgment [186], Defendant Villers similarly moves for summary judgment [184], and Plaintiff moves for partial summary judgment [188]. The Court will consider each in turn, but will begin with the various motions filed by parties in connection with their motions for summary judgment.

## Analysis

## II. Preliminary Motions

### A. Sure Heat Defendants' Motion for Reconsideration [187]

Defendants request that the Court reconsider its October 2, 2018 Order [175] addressing discovery disputes of the parties. Defendants argue that the Court did not follow the procedures outlined in the Standing Order Regarding Civil Litigation because the Court ruled on the dispute based upon the submissions of the parties and did not allow further briefing or a hearing or a telephone conversation. In fairness to Defendants, the Standing Order filed in this case would have led them to this conclusion. However, since this case has been pending, the Court entered a new Standing Order that appears on the Court's website, and the procedure in the new Standing Order was followed in this case.

Out of fairness, the Court still considers Defendants' motion for reconsideration on the merits. Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." LR 7.2(E), N.D. Ga. Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003). Defendants have not offered a proper reason for the Court to

reconsider its prior decision.  Defendants' Motion for Reconsideration is, therefore, **DENIED**.

> B.    Sure Heat Defendants' Motion to Strike Memorandum of Law in
>
>        Support of Plaintiff's Motion for Partial Summary Judgment [191]

Defendants request that the Court strike Plaintiff's memorandum because it exceeds the page limit.  Defendants reach this conclusion based on the Plaintiff having incorporated facts from its Statement of Undisputed Facts rather than including a full "Facts" section in its memorandum.  Defendants argue that this violates the Court's Standing Order provision regarding Motions for Summary Judgment, section II(g)(I), which provides, "All citations to the record evidence should be contained in each party's brief, not just in the parties statement of undisputed (or disputed) facts."  Defendants interpret this as requiring a party to actually state all of the facts in the brief, as well as in the statement of undisputed facts.  That is not the intent of this provision. This provision addresses citations.  The intent of the provision is to require a party to provide a citation to the record for facts stated in the brief. It is not a requirement that every fact be restated in the brief. While the Court appreciates Defendants' concern that a party might game the system and gain pages using

this approach, under the circumstances of this case, the Court does not find

there to be an abuse.  And certainly, it is not a violation of the Order.

Accordingly, Defendants' motion is **DENIED**.

C.     <u>Sure Heat Defendants' Motion to Strike Exhibit 66 to Plaintiff's</u>

      <u>Statement of Additional Material Facts [215]</u>

Plaintiff attached as an exhibit to its Statement of Additional Material

Facts an email chain.  Defendants moved to strike the exhibit as

unauthenticated double hearsay.  However, under Fed. R. Civ. P. 56(c)(2) a

valid objection may be raised when the material "cannot be presented in a form

that would be admissible in evidence."  In its response [222] to the motion,

Plaintiff makes the case that it will be able to present the evidence in an

admissible form at trial. Therefore, the motion is **DENIED**.

D.     <u>Sure Heat Defendants' Motion to Strike Plaintiff's Response to</u>

      <u>Defendants' Motions for Summary Judgment [214]</u>

Defendants seek to strike Plaintiff's response to their motions for

summary judgment because the response exceeds the applicable page

limitation.  Defendants point out that Plaintiff included 13 numbered

paragraphs that were single-spaced.  Local Rule 5.1C requires, with limited

exceptions, that all documents be double-spaced. Defendants also complain about Plaintiff filing a six-page Statement of Additional Material Facts [198-1]. It appears that Plaintiff did not follow the rules by failing to double-space the numbered paragraphs. Rather than striking the response, the Court treats Plaintiffs response to this motion as a request for an extension of the page limitation and grants the request. As for the statement of additional facts, Local Rule 56.1(2)(b) authorizes a statement of additional facts. Therefore, the motion to strike the statement of additional facts is **DENIED**.

> E.   Defendant Villers' Motion to Strike Memorandum of Law in Support of Plaintiff's Motion for Partial Summary Judgment [192]

Defendant Villers adopts the motion of the Sure Heat Defendants to strike the memorandum of law [191]. For the same reasons that the motion of the Sure Heat Defendants is denied, Defendant Villers' motion is **DENIED**.

> F.   Defendant Villers' Request for Oral Argument on his Motion for Summary Judgment [185]

Defendant Villers has requested oral argument on his motion for summary judgment. A hearing on this issue is unnecessary. Therefore, this motion is **DENIED**.

AO 72A
(Rev.8/82)

## III. Motions for Summary Judgment

The Sure Heat Defendants move for summary judgement [186] on all claims because they are barred by a four-year statute of limitations, as well as Counts VI, VII, X, and XI on the merits. Defendant Villers similarly moves for summary judgment [184] due to the statute of limitations, as well as Counts III, IV, V, X, and XI on the merits. Plaintiff moves for summary judgment [188] on Counts I, II, X, and XI on the merits.

In sum, the Court finds the statute of limitations bars Plaintiff's Counts I, III, IV, V, VIII, IX, X, and XI. Plaintiff's Count VII alter ego claim is effectively barred too, absent an underlying claim. Plaintiff's Count II, as well as the accompanying alter ego claim in Count VI, remain unbarred. The Court will consider the parties' motions for summary judgment in the context of these outcome-determinative issues. Further, in light of the Court's holdings regarding the parties' preliminary motions, the Court will consider all briefs and statements of facts before the Court at summary judgment.

### A.    Summary Judgment Legal Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

Finally, in resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable

11

to the non-moving party.  Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002).  But, the court is bound only to draw those inferences that are reasonable.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

> B.     Breach of Contract (Count II) and Alter Ego (Count VI)

Plaintiff's Count II ("the Note Claim") relies on a promissory intercompany note (the "Note") between Sure Heat China and Sure Heat US. The Note was submitted to the Court as Plaintiff's exhibit 3 with its Motion for Summary Judgment [188] and its authenticity is uncontested.  While the electronic copy is grainy, the parties agree it provides in pertinent part:

> 1. Promise to Pay. For value received, Sureheat Manufacturing
> Inc. (Borrower) promises to pay Surheat (sic) Manufacturing
> (Suzhou) $10,000,000, plus interest at the monthly rate of 0% on
> the unpaid balance as specified below. Equity distribution
> payments from Sureheat Manufacturing (Suzhou), Inc. can be used
> to bring down this balance over the term of the loan.
>
> 2. Borrower will pay one lump sum payment on 11/30/2017 date.
> . . .
> 6. Funding. The $10,000,000 will be funded by Sureheat (Suzhou)
> Inc. crediting Accounts Receivable from Sureheat US in the
> amount of $10,000,000.

(Pl.'s MSJ, Dkt. [188] ex. 3.)  Mulberry and Jay Weeks ("Weeks"), Sure Heat

US's chief financial officer, signed the Note on behalf of Sure Heat US. (Id. ex.

5 at 111:7-20, ex. 6 at 275:19-25.) Villers also signed the note.  (Pl.'s SMF,

Dkt. [189] ex. 5 at 143:8-10.)  The Note was executed on December 3, 2007

with one lump sum payment due on November 30, 2017.  This amount was

reflected in Sure Heat US's audited financial statements beginning in 2007, as

money owed to Sure Heat China on a long-term note payable, as well as Sure

Heat China's unaudited accounting records, as a $10 million (later, $15

million) "Note Receivable." (Pl.'SMF, Dkt. [189] ¶¶ 53, 84.)

Plaintiff's Count II further alleges the existence of a Supplemental Note

for $5 million.  Written evidence of the Supplemental Note, however, has not

AO 72A
(Rev.8/82)

been discovered.  Instead, Plaintiff points to the audited and unaudited

financial records of Sure Heat China and Sure Heat US evidencing a long-term

note payable for around $15 million. (Id. ¶ 57-84.)  Thus, Plaintiff maintains

either a supplemental note was executed or the original note was amended.

Plaintiff supports its conclusion with testimony from Villers and Weeks.

Plaintiff, in its Response [198] to the Sure Heat Defendants' motion for

summary judgment, argues its breach of contract claim (Count II) to recover the

$10 million owed on the Note, as well as the $5 million owed on the

supplemental promissory note, did not become due until November 30, 2017

and therefore is not barred by the statute of limitations.  By extension, it argues

the alter ego claim against Sure Heat US and SHM (Count VI) can move

forward on the underlying breach of contract claim.  What is more, Plaintiff

contends it is entitled to summary judgment on Count II (Pl.'s MSJ, Dkt [188]),

while the Sure Heat Defendants argue they are similarly entitled on Count IV.

(Defs.' MSJ, Dkt. [186].)  The Court will consider each issue in turn.

     *a.*    *Statute of Limitations*

Plaintiff maintains the Note claim is within either a four or six year

statute of limitations period because the Note became due on November 30,

14

2017 and the claim was added less than a year later, on May 8, 2018. The Sure

Heat Defendants, in response, appear to ignore the written Note for $10 million

and instead argue that Plaintiff seeks to recover a $15 million accounts

receivable that was due along with the other accounts receivable on or before

July 31, 2010. While the Court acknowledges that Plaintiff's allegations

regarding the Supplemental Note's exact terms are weak, it is clear on the face

of the Note that it was due on November 30, 2017. The Court already

acknowledged this fact in two prior Orders [93, 134] and still does. Therefore,

Plaintiff's Count II is not time-barred.

Further, Plainiff's alter ego claim against Sure Heat US and SHM is

similarly permitted because the limitation period is coextensive with the

underlying claims against Sure Heat US. See Pazur v. Belcher, 612 S.E.2d 481,

482 (Ga. App. 2004). Therefore, the Sure Heat Defendants' Motion [186] is

**DENIED** as to Counts II and VI, insomuch as it relates to the statute of

limitations issue. The Court will now address these claims on the merits, per

the parties' respective motions for summary judgment.

> b. *Breach of the $10 Million Note (Count II)*

Under Georgia law, Plaintiff has established a prima facie right to

judgment as a matter of law on a promissory note by producing the Note and

showing that it was executed.  See Jay Gleason Advertising Svc. v. Gleason,

388 S.E.2d 43, 44 (1989).  Accordingly, the burden shifts to Defendants to

establish a defense to Plaintiff's claim. See Kelly v. Pierce Roofing Co., 469

S.E.2d 469 (1996).  In defense, the Sure Heat Defendants advance two

arguments: 1) that there was no consideration for the Note because Sure Heat

China never made an adjustment to its accounts receivable account from Sure

Heat US on its audited financial statements; and 2) that the condition that

LehmanBrown, Sure Heat China's accountant, approve the accounting entry

was not fulfilled.  Defendants, however, fail to assert a valid contractual

defense.

"A promissory note is an unconditional contract whereby the maker

engages that he will pay the instrument according to its tenor." Dolanson Co.

v.Citizens & S. Nat. Bank, 251 S.E.2d 274, 277 (Ga. App. 1978).  Of course, a

valid contract requires offer, acceptance, and consideration.  See, e.g., Mitchell

v. Georgia Dept. of Community Health, 635 S.E.2d 798 (2006).  Defendants

argue the Note is an invalid contract without consideration.  Pointing to

paragraph 6 of the Note, Defendants argue that because Sure Heat China never

credited the accounts receivable on the audited financial statement it was a one sided, unenforceable transaction.[4]  This argument fails.

While a bargained for exchange is required, the law will not inquire into the adequacy of consideration when the consideration is otherwise valid or sufficient to support a promise. RESTATEMENT (SECOND) OF CONTRACTS § 71 (1981).  Put another way, courts do not closely examine the adequacy of such consideration. See Wolfe v. Breman, 26 S.E.2d 633, 635 (Ga. Ct. App. 1943).  Slight consideration suffices.  See Franklin v. UAP/GA. AG. CHEM, Inc., 514 S.E.2d 241, 243 (Ga. Ct. App. 1999).

Here, Plaintiff has submitted a written promissory note to the court. The Note was properly executed and included the material terms.  Defendants contend that the note is incomplete because it is incomplete on its face and is ambiguous as it does not specify the consideration received in exchange for the note. See Gentile v. Bower, 477 S.E.2d 130, 133 (1996).  As Defendants themselves acknowledge, this is untrue, because paragraph 6 acknowledges in writing a bargained for exchange for the $10,000,000 to be funded by Sure

---

[4] "Funding. The $10,000,000 will be funded by Sureheat (Suzhou) Inc. crediting Accounts Receivable from Sureheat US in the amount of $10,000,000." (Pl.'s MSJ, Dkt. [188] ex. 3)

AO 72A
(Rev.8/82)

Heat China by crediting Accounts Receivable from Sure Heat US in the amount of $10,000,000.  In admitting this provision, Defendants then argue the purported consideration was not fulfilled by Sure Heat China because the company never updated its *audited* records to reflect the account receivable.

The Court disagrees for two reasons.  First, bound by the terms of the unambiguous written document under the parole evidence rule, paragraph 6 does not distinguish between audited and unaudited accounts receivable. Therefore, it is sufficient that Sure Heat China's *unaudited* accounting records indicate it credited $10 million (later, $15 million) as a "Note Receivable." (Pl.'s SMF, Dkt. [189] ¶ 84.)  Second, even if the Note did require an adjustment to the audited records, Sure Heat China's inadequate or partial failure of consideration would not void the Note.  See Coast Scopitone, Inc. v. Self, 192 S.E.2d 513, 515 (Ga. Ct. App. 1972).

Defendants' conditional argument similarly fails.  "In the absence of fraud, accident or mistake an unconditional promissory note cannot be changed into a conditional obligation by parol evidence."  Dolanson, 251 S.E.2d at 277. As previously established, the Note is supported by consideration and is otherwise unambiguous.  Any insinuation by Defendants that the note was

18

conditioned upon LehmanBrown's approval of the accounting entry runs directly afoul of the clear written terms of the note.

Throughout all of these arguments, Defendants rely on a series of explanations for the Note's execution, including that the Note was an internal accounting transaction, or that Sure Heat China might lose its business license without the note. Yet, any explanation for the Note's existence that is not a bargained for exchange between two separate business entities undercuts Defendants' narrative throughout the remaining issues in this case. Ultimately, the Note was either a legitimate loan or it was, at best, a shady abuse of the corporate form, at worst, a fraudulent transaction. Defendants cannot have it both ways.

Because Defendants have not presented a valid affirmative defense, and have not paid the $10 million owed[5] on the Note since November 30, 2011, Plaintiff has established that Sure Heat US breached its contract with Sure Heat China, as a matter of law. Accordingly, Plaintiff's Motion [188] is **GRANTED** as to the Note in Count II.

---

[5] While Defendants correctly point out that "equity distribution payments" from Sure Heat China can be used to bring down the balance over the term of the loan, no evidence of such payment has been presented.

19

###### c.  Breach of the $5 Million Supplemental Note (Count II)

Plaintiff seeks to increase its recovery on the $10 million Note to match the $15 million recorded in Sure Heat China's audited and unaudited financial statements, as well as Sure Heat US's tax returns since 2008.  The Court, however, is unsure of Plaintiff's legal theory on this issue.  Defendant Villers testified he believed the extra $5 million came from a Supplemental Note executed in 2008 with the same terms as the Note.  (Pl.'s MSJ, Dkt. [188] ex. 7 ex. 7 at 152:7-23.)  Weeks, on the other hand, testified that the Note was amended to $15 million. (Id. ex. 6 at 110:19-111:9.)  These are two entirely different theories under contract law, for which Plaintiff provides no authority or argument.  Simply put, Plaintiff has failed to prove Sure Heat US's contractual obligation of $5 million to Sure Heat China as a matter of law and its Motion [188] is **DENIED** as to the Supplemental Note in Count II.  The Count II claim for the breach of the $5 million supplemental note remains as a disputed claim in the case.

###### d.  Alter Ego Liability Against Sure Heat & SHM (Count VI)

In its Third Amended Complaint, Plaintiff brings a claim for alter ego liability against Sure Heat and SHM, alleging that "Sure Heat [US] and SHM

20

are the alter egos of [Sure Heat China] and each other and are therefore jointly and severally liable for all of [Sure Heat China's] debts and liabilities owed to its creditors." (Third Am. Compl., Dkt. [136] ¶ 121.) This claim can be broken into three parts. First, Plaintiff alleges Sure Heat US is an alter ego for Sure Heat China; second, that SHM is an alter ego for Sure Heat China; and third that SHM is an alter ego for Sure Heat US.

In their Motion for Summary Judgment [186], the Sure Heat Defendants only appear to move for summary judgment on the first relationship, between Sure Heat US and Sure Heat China. Plaintiff does not Respond [198] to this argument, but instead argues that SHM assumed the liabilities of Sure Heat US as a successor. Defendants do not address the issue at all in their Reply [216]. Thus, because Defendants' Motion [186] regarding the alter ego relationship between Sure Heat US and Sure Heat China is unopposed it is **GRANTED**. Plaintiff's claims in Count VI concerning the second two relationships remain in the case, although the Court notes that an alter ego claim is inherently different than a successor liability claim.

C.    Statute of Limitations and the Remaining Claims

The Sure Heat Defendants argue Plaintiff's claims are barred by the

21

applicable statute of limitations. The Court determined in its June 9, 2016 Order [40] that a four year statute of limitations applies to each claim and that the four years had expired before the Administrator filed this suit. (Order, Dkt. [40] at 9-11.) Since that Order, Plaintiff filed its Third Amended Complaint [136], breaking its breach of contract claim into Count I and Count II, and adding SHM as a defendant. As discussed above, Plaintiff's Count II is not subject to the same statue of limitations as are the remainder of Plaintiff's claims.

Otherwise, the Court affirms its prior finding that the four year statute of limitations has expired. Plaintiff does not challenge this finding, but instead contends the limitations were tolled until the bankruptcy administrator's appointment on April 25, 2014. The Sure Heat Defendants move for summary judgment on the issue, arguing Plaintiff has not alleged sufficient facts to toll the statute. At the motion to dismiss phase, the Court did not dismiss Plaintiff's claims because tolling would apply if fraud were present, and Plaintiff had alleged enough facts to support fraud. At this time, however, Plaintiff has not proven a viable theory to toll the statute.

Georgia law provides that "[i]f the defendant . . . [is] guilty of a fraud by

which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." O.C.G.A. § 9-3-96. The Georgia Supreme Court delineated two circumstances in which actual fraud tolls the statute of limitations. Shipman v. Horizon Corp., 267 S.E.2d 244, 246 (Ga. 1980). Where actual fraud is the gravamen of the action, the statute of limitations is tolled until the fraud is either discovered or should have been discovered. Id. Where the gravamen of the action is other than actual fraud, "there must be a separate independent actual fraud involving moral turpitude which debars and deters the plaintiff from bringing his action." Id. In this second category, "mere silence" is not sufficient to toll the statute unless a duty to make a disclosure arising out of a relationship of trust and confidence between the parties exists. Id.

Here, the underlying cause of action is based upon breach of an obligation to pay money, not actual fraud. Therefore, the only conduct under Georgia law that will toll the running of the four year statute of limitation is a separate, independent act of actual fraud or intentional concealment that prevents the plaintiff from filing an action to collect the amounts owed. Id.

As an initial matter, the Court agrees with Defendants that the statute of

limitations is not automatically tolled on all claims between a wholly owned subsidiary and its parent company until a bankruptcy administrator is appointed. No authority exists in Georgia to support this argument, even in situations like this where it would have been unlikely for the subsidiary to sue its owner. See In re Pac One, Inc., 2007 WL 2083817 (Case No. 01-85027 MGD) (N.D.Ga. July 17, 2007). In fact, under United States Bankruptcy law, the Trustee steps into the shoes of the debtor and is subject to the statute of limitations that pertains to the debtor. 11 U.S.C. § 108. Further, neither party has presented authority for procedures regarding bankruptcy administrators appointed under the laws of a foreign country.

Thus, while the relationship of trust and confidence that existed amongst the parties can support tolling, Plaintiff must still allege an independent act of actual fraud that actually deterred Plaintiff from bringing suit earlier to succeed. Here, Plaintiff appears to advance two theories. First, Plaintiff contends that the Sure Heat Defendants breached their fiduciary duties and fraudulently concealed that breach. Second, Plaintiff argues Defendants fraudulently concealed the undercapitalization of Sure Heat China to continue to produce goods.

Like the Sure Heat Defendants' inconsistent arguments regarding the Note, the Court is frustrated by Plaintiff's arguments here. Either Defendants conducted business by the books or they didn't. In line with the Court's earlier holding, the Court finds that Plaintiff's allegations of fraudulent accounting are unsupported by evidence. Further, Plaintiff has not presented any evidence that Defendants had a duty under Chinese law to initiate insolvency proceedings.[6] Finally, Plaintiff's allegations regarding moving the Sure Heat China computers to the US alone does not support a claim for fraud.

In reviewing all of the evidence, Plaintiff's case falls short of establishing that any of the Defendants acted with actual fraud. There is evidence to indicate that some, especially Mulberry, were trying to use the corporate structure to avoid debts. Unfortunately for Plaintiff, that is largely the purpose of the limited liability corporate structure. While there is a fine line between crafty accounting and fraud, evidence such as Mulberry's contention that the Note was "fraudulent" or "misleading" does not push an otherwise legitimate exchange over the line.

---

[6] Although Plaintiff contends Articles 185 and 187 of Chinese Company Law indicate an affirmative duty to file insolvency proceedings, the Court finds no such legal requirement.

AO 72A
(Rev.8/82)

Finally, while declining to toll the statute of limitations on these facts may seem unfair, the Court is bound to uphold the legislature's intent. See, e.g., Resolution Trust Corp. v. Artley, 28 F.3d 1099 (11th Cir. 1994). There is some solace in the fact that Sure Heat China's creditors perhaps could have initiated these proceedings within the statute of limitations. Indeed, Sure Heat China closed on August 25, 2010, just after the statute began to run.

At bottom, Plaintiff has failed to evidence the existence of an independent act of actual fraud to toll the statute. As a result, Plaintiff's Counts I, III, IV, V, VIII, IX, X, and XI are time-barred. Further, absent remaining claims against the individual defendants, Plaintiff's alter ego claim (Count VII) against them also fails. Consequently, Defendant Villers' Motion for Summary Judgment [184] is **GRANTED**. The Sure Heat Defendants' Motion for Summary Judgment [186] is similarly **GRANTED** on the above-referenced counts. In light of these findings, the Court need not consider Defendants' arguments on the merits of these claims.

### Conclusion

For the forgoing reasons, the parties' preliminary motions [187, 191, 192, 214, 215, 185] are **DENIED**. The parties' motions for summary judgment

26

are granted in part and denied in part. Plaintiff's Partial Motion for Summary Judgment [188, 189] is **GRANTED** as to Count II on the $10 million Note, and is otherwise **DENIED**. Defendant Villers' Motion for Summary Judgment [184] is **GRANTED** as to Counts I, III, IV, V, VII, VIII, IX, X, and XI, and are otherwise **DENIED**. The Sure Heat Defendants' Motion for Summary Judgment [186] is **GRANTED** as to Counts I, III, IV, V, VII, VIII, IX, X, and XI, as well as Count VI, insomuch as is relates to the relationship between Sure Heat US and Sure Heat China, and is otherwise **DENIED**.

This case will proceed on Plaintiff's breach of contract claim (Count II) for the $5 million Supplemental Note and alter ego claim (Count VI) on the relationships between: 1) Sure Heat US and SHM; and 2)SHM and Sure Heat China.

The parties are **ORDERED** to participate in mediation with a Magistrate Judge of this Court. The case is **REFERRED** to Chief Magistrate Judge Linda T. Walker for assignment to a Magistrate Judge for mediation.

If the case is not settled in mediation, the parties shall submit a proposed consolidated pretrial order within 30 days of the conclusion of mediation. Trial will then be scheduled by later order.

AO 72A
(Rev.8/82)

**SO ORDERED**, this 1st day of April, 2019.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)